# Supreme Court of the Navajo Nation

**Alex Begay, Appellant,**

v.

**The Navajo Nation, et al., Appellees.**

**Decided July 25, 1988**

## OPINION

Before TSO, Chief Justice, BLUEHOUSE and CADMAN (sitting by designation), Associate Justices.

Gary LaRance, Esq., Tuba City, Arizona, for the Appellant; Wilson Yellowhair, Esq., Prosecutor's Office, Tuba City, Arizona, for the Appellees.

Opinion delivered by TSO, Chief Justice.

This matter comes before the Supreme Court on appeal from the lower court's order forfeiting appellant's automobile as a result of a conviction on the charge of "Delivery of Liquor."

The Court must address two issues in this appeal. The first is whether a district court has legal authority to order a forfeiture of an automobile used in the illegal delivery of liquor. The second issue is whether this Court may address Mr. Begay's due process argument when he failed to raise it during the district court proceedings.

## I. FACTS

On April 6, 1987, the Navajo police stopped the appellant as he was driving on the Navajo Reservation in Tuba City, Arizona. The police found six (6) unopened cases of intoxicating liquor (Thunderbird Wine) in the trunk of appellant's 1977 Buick Sedan. The appellant was arrested and charged with delivery of liquor in violation of 17 N.T.C. § 411 (1985 Cumm. Supp.). At the time of the arrest, the police seized and impounded the appellant's automobile.

On August 13, 1987, a jury convicted the appellant of illegal delivery of liquor. On September 15, 1987, the Navajo Nation filed a "Motion for Forfeiture" of the appellant's automobile used in the illegal delivery of liquor. On September 18, 1987, the appellant filed a "Motion to Deny the Motion for Forfeiture" by alleging that the Navajo Nation had not filed a supporting brief with its motion. The district court took no action on the "Motion for Forfeiture."

On November 2, 1987, the Navajo Nation filed a second motion, with a sup-

porting brief, seeking forfeiture of the appellant's automobile. The Navajo Nation cited 17 N.T.C. § 220(c) (1985 Cumm. Supp.) as giving the district court power to order forfeiture of the appellant's automobile. The record shows that the appellant was not served with a copy of the second motion. Because the appellant filed no response to the second motion, the district court granted the "Motion for Forfeiture," without a hearing, on November 10, 1987.

On November 30, 1987, the appellant filed a "Motion for Reconsideration" of the order granting forfeiture of his automobile. The district court denied the motion. On December 10, 1987, the appellant filed this appeal.

## II. HOLDING

We hold that: (1) 7 N.T.C. § 253 (Jurisdiction-Generally), and Title 17, Chapter 2 (General Provisions) along with subchapter B (Sentencing) give the Navajo courts authority to forfeit automobiles used for the illegal delivery of liquor; (2) The Navajo courts may order the forfeiture of an automobile, used in the illegal delivery of liquor, through a civil action with notice and a hearing; (3) This Court can decide a due process issue not raised in the district court proceedings; and (4) The district court denied Mr. Begay due process by granting the "Motion for Forfeiture" without giving Mr. Begay notice of the November 2, 1987 motion or an opportunity to be heard on the motion.

## III. AUTHORITY OF THE NAVAJO COURTS

### A

The Navajo courts' authority over criminal cases rests in not one, but many statutes. Likewise, the authority of the Navajo courts to order the forfeiture of an automobile used for the illegal delivery of liquor derives from many sources.

These sources are: 7 N.T.C. § 253(1) (1985 Cumm. Supp.) which gives the district courts original jurisdiction over "all violations of laws of the Navajo Nation"; 17 N.T.C. § 202(3) and (4) (1985 Cumm. Supp.) which state the purposes of the Navajo Criminal Code; 17 N.T.C. § 203 (1985 Cumm. Supp.) which gives the Navajo Nation courts jurisdiction over any person who commits an offense within the "Navajo Indian Country,"; and 17 N.T.C. § 220(c) which gives the Navajo courts general sentencing power pursuant to its legal authority to decide criminal matters.

The "General Provisions," 17 N.T.C. § 202(3), and (4), of the Navajo Criminal Code are sources of the Navajo courts' legal authority to order a forfeiture of an automobile used for the illegal delivery of liquor. The Navajo Tribal Council has stated at 17 N.T.C. § 202(3) and (4) that two reasons for the Navajo Criminal Code are,

(3) To differentiate on reasonable grounds between serious and minor offenses and to prescribe proportional penalties for each; [and] (4) to protect the pub-

lic interest of the Navajo Nation by defining the act or omission which constitutes each offense, and to apply the provisions of this title equally and unfavorably to all persons within the territorial jurisdiction of the Navajo Tribal Courts.

We view the two just cited provisions, and the rest of 17 N.T.C. § 202, as giving the Navajo courts legal authority to decide criminal matters committed in violation of the Navajo Criminal Code. It is the duty of the Navajo courts to decide criminal matters consistent with the purposes stated in Section 202. Section 203 also gives Navajo courts a legal authority over criminal matters and to assert its power over people who commit crimes within the exterior boundaries of Navajo Indian Country. This section gives express territorial jurisdiction to the Navajo courts "over any person who commits an offense by his or her own conduct if the conduct constituting any element of the offense or a result of such conduct occurs within the jurisdiction of the Navajo Tribal Courts ...."

It is clear from these statutes that the Navajo courts have legal authority over violations of the Navajo Criminal Code. Forfeiture of property used in the commission of a crime is inherent in the Navajo courts' legal authority over criminal matters, but the authority to deal with criminal matters alone will not suffice to give Navajo courts power to forfeit property used in the commission of a crime. The power to forfeit property must be granted by statute. The Court believes that statute is found at 17 N.T.C. § 220(c), which gives the Navajo courts power,

pursuant to its legal authority, [to] decree a forfeiture of property, suspend or cancel a license, require full or partial restitution, remove a non-elected public servant from office, or impose any other civil penalty, and such order or judgment may be included in the sentence. (emphasis ours).

We disagree with the appellant's position that forfeiture of an automobile must be expressed in the penalty provision of a specific offense. The appellant relies upon certain statutes in the Criminal Code which expressly provide for forfeiture of property (i.e., explosives and weapons, gambling devices, controlled substances, etc.). However, if forfeiture were limited to those situations where it is expressly authorized in the penalty provisions of the specific offenses, there would have been no need to include it in 17 N.T.C. § 220(c). The Tribal Council enacted 17 N.T.C. § 220(c) with knowledge of the express forfeiture penalties in other sections of the Code; thus, the Court must interpret Section 220(c) as giving the Navajo courts power to order a forfeiture of an automobile used in the illegal delivery of liquor. "The Court must interpret and construe tribal statutes to effectuate the intent of the Tribal Council." *Navajo Nation Division of Resources v. Spencer*, 5 Nav. R. 109, 111 (1986).

People living on the Navajo Nation face social and economic situations unlike those faced in Anglo-America. Therefore, this Court will consider those unique situations when deciding controversies that are particular to the Navajo Nation. We view this case as one of those situations. Presently, one of the Navajo

Nation's foremost problems is the devastation alcohol causes to our people. Alcohol is illegal within the Navajo Nation, and as a result, some people have taken advantage of the prohibition on alcohol to engage in "bootlegging"; illegal delivery and sale of alcohol on the Navajo Nation. Citizens of the Navajo Nation have filed increasing numbers of bootlegging complaints with their council delegates, criticized the district courts for being too lenient on convicted bootleggers, and demanded that something be done to solve this problem.

Life on the Navajo Nation is not easy, and certainly, the automobile has made life more comfortable for the Navajo people. It is necessary for hauling water and firewood and for trips to the hospital and shopping areas, to name a few. However, because of its easy mobility, the automobile is readily available for illegal activity, as is the case here.

The inherent qualities of an automobile -- easy mobility, cost, and its necessity on the Navajo Nation -- make its situation unique and distinct from other private property. An automobile has the potential to be used exclusively for the illegal delivery of liquor, and it is valuable enough that its forfeiture may deter bootleggers, and yet not create the same devastation that the forfeiture of a home, for example, would cause.

We hold that the totality of the Navajo Criminal Code and the devastation that alcohol causes on the Navajo Nation authorizes the Navajo courts to order a forfeiture of an automobile used for the illegal delivery of liquor. The uniqueness of an automobile and its availability for illegal purposes, combined with the effect of alcohol on the Navajo Nation, requires us to limit this decision to the forfeiture of an automobile used for the illegal delivery of liquor.

### B

Illegal delivery of liquor is a serious offense, because liquor has caused far-reaching devastation on the Navajo Nation. As such, the Navajo courts have the power and the duty to "protect the public interest of the Navajo Nation" from people who engage in such illegal activity. *See* 17 N.T.C. § 202(3), (4).

A civil forfeiture action is one method by which the Navajo courts may use their power to protect the public interest. A civil forfeiture penalty is not specifically set down in the penalty provision of an offense. Rather it is provided for in 17 N.T.C. § 220(c) which allows the Navajo courts to "decree a forfeiture of property" or "impose any other civil penalty." Through the use of a civil forfeiture action, the courts will protect the due process rights of the owner of the automobile and at the same time protect the public interest against this pervasive criminal activity.

The civil forfeiture action, which should have been followed in this case, is different from criminal forfeiture that is provided for in Title 17, Subchapters C,G,J,K,M,Q, and U (weapons and explosives, bribery and related offenses, controlled substances, obscenity, animals/livestock, and fish and wildlife). These offenses, to which the Tribal Council attached explicit forfeiture penalties,

involve substances which are either physically or morally dangerous, or are in themselves contraband and thus are under the police power of the Navajo Nation. *See* 36 Am. Jur. 2d *Forfeitures and Penalties*, § 44 (1968). Criminal forfeiture, as expressly provided for by statute, will not require a separate hearing, but instead will be part of the criminal action. The power to forfeit property that is ordinarily used for lawful purposes, such as an automobile, must be exercised consistent with due process, and the fact issue of whether the property was being used for an unlawful purpose must be determined first. *Id.*

We do not decide whether all civil penalties under 17 N.T.C. § 220(c) require due process. We hold only that the forfeiture of an automobile demands notice and a hearing. Navajo court proceedings must comply with the Navajo Nation Bill of Rights and the Indian Civil Rights Act, and as such, we must ensure compliance with procedural and substantive due process before someone is deprived of their private property. 1 N.T.C. § 3; 25 U.S.C. § 1302(8). This Court has previously emphasized that "[p]rocedural due process requires that one be given adequate notice and an opportunity to be heard before one can be deprived of life, liberty, or property." *Keeswood v. Navajo Tribe*, 2 Nav. R. 46, 50 (1979); *See also Yazzie v. Jumbo*, 5 Nav. R. 75 (1986). Therefore, we hold that a civil forfeiture proceeding must provide due process as set forth in the Navajo Nation Bill of Rights, 1 N.T.C. § 3; the Indian Civil Rights Act, 25 U.S.C. § 1302(8), and Navajo common law.

## IV. DUE PROCESS

### A

The Navajo Nation Bill of Rights, 1 N.T.C. § 3, and the Indian Civil Rights Act, 25 U.S.C. § 1302(8), allow this Court to review a district court's proceeding to determine whether due process rights may have been abridged or denied. Such a fundamental right is clearly within the review of this Court.

The concept of due process was not brought to the Navajo Nation by the Indian Civil Rights Act, 25 U.S.C. § 1302(8), or the Navajo Nation Bill of Rights, 1 N.T.C. § 3. The Navajo people have an established custom of notifying all involved parties in a controversy and allowing them, and even other interested parties, an opportunity to present and defend their positions. This custom is still followed today by the Navajo people in the resolution of disputes.

When conflicts arise, involved parties will go to an elder statesman, a medicineman, or a well-respected member of the community for advice on the problem and to ask that person to speak with the one they see as the cause of the conflict. The advisor will warn the accused of the action being contemplated and give notice of the upcoming group gathering. At the gathering, all parties directly or indirectly involved will be allowed to speak, after which a collective decision will be made. This is Navajo customary due process and it is carried out with fairness and respect. The heart of Navajo due process, thus, is notice and an

opportunity to present and defend a position. Applying these concepts, we hold that the Tuba City District Court violated Mr. Begay's due process rights by granting the "Motion for Forfeiture" without notice to Mr. Begay or without allowing him an opportunity to be heard.

## B

In *Sweetwater Chapter v. Teec Nos Pos Chapter*, 2 Nav. R. 13, 15 (1979), we stated the rule regarding the procedural due process of motions: "all motions made in the future shall require a hearing by the District Judge unless a stipulation is entered agreeing otherwise." However, in 1982, the judges of the Navajo Nation, pursuant to 7 N.T.C. § 601(a) (1977), enacted the *Rules of Pleading Form and Motions* which changed the rule pronounced in *Sweetwater Chapter*. Rule 4(f), *Hearings on Motions*, states that, "[t]here will be no hearing on a motion unless the Court orders oral arguments on its own motion or grants an application by either party for a hearing." The judges of the Navajo Nation changed this rule to prevent the overburdening of the district courts.

In a more recent decision we held that "due process, at the very least, requires that a party receive a copy of a motion and have an opportunity to respond before the matter could be decided by the District Court." *McCabe v. Walters*, 5 Nav. R. 43, 50 (1985). We stress that a basic aspect of due process is to give a party an opportunity to present reasons why a proposed action should not be carried through. In this case, granting the "Motion for Forfeiture" without notice to Mr. Begay and without giving Mr. Begay an opportunity to be heard is a violation of due process.

## C

It is not before the Court to decide what type of evidence may be admitted to determine whether forfeiture is proper in each case. We do, however, stress that at the very least, notice and a hearing must be afforded the defendant to present reasons against the forfeiture of his or her automobile.

The issue of who must absorb impoundment costs is not properly before the Court as it has not been briefed by either party nor presented at oral argument before this Court.

## V. DECISION

The Order of the Tuba City District Court is reversed and this case is remanded to the district court only to determine the issue of who should absorb the impoundment costs .

Associate Justices Bluehouse and Cadman concur.